

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES KELLY LAMBERT and DONALD SCOTT, individually and on behalf of all others similarly situated | CIVIL ACTION<br>NO. 05-5391 |
| VERSUS | SECTION: R (VANCE) |
| BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT, MARINE RECOVERY AND SALVAGE, LLC, JAMES P. HUEY, GEORGE L. CARMOUCHE, DOUGLAS SCOTT CARMOUCHE, MICHAEL GEORGE MAYER, RESOLVE MARINE GROUP, AND ST. TAMMANY PEARL RIVER SALVAGE | MAGISTRATE: |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DOUGLAS SCOTT CARMOUCHE'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

MAY IT PLEASE THE COURT:

**I.
NATURE OF THE MOTION**

Douglas Scott Carmouche has requested that this Court set aside the entry of default from April 26, 2006. In his motion, Mr. Carmouche's counsel states that it was "understood" that he represented Mr. Carmouche and he had a reasonable belief that the plaintiffs had given Mr. Carmouche an informal extension of time to answer. Undersigned counsel avers that said statements are simply false and are

1

clearly refuted by the record in this case. Moreover, the actions of Douglas Scott Carmouche (a newly licensed attorney in the State of Louisiana) with respect to dodging service for several months gave plaintiffs no reason or desire to offer any such quarter. As will be shown below, the record in this case clearly shows that Mr. Carmouche and his counsel, Mr. Adams, were simply too cute with the legal system, and they have now been hung by their own proverbial petards.

Secondly, opposing counsel argues that a default cannot be granted in this case because there is no "sum certain" involved. Contrarily, the plaintiffs have very certain and real damages which are directly related to the intentional actions of Mr. Carmouche. Their very real property damages and very real monetary losses are directly related to the illicit gains sought by Mr. Carmouche through his monopolistic scheme in the OLD marinas.

## II.
## FACTS

### A. Undisputed Facts

It is undisputed that Douglas Scott Carmouche was served personally on March 20, 2006. It is undisputed that the completed return was filed into the record on April 5, 2006. It is undisputed that Mr. Carmouche's answer was due on April 10, 2006. It is undisputed that Mr. Carmouche made no appearance at all, and no counsel of record was ever listed for Mr. Carmouche with the Clerk of this

Court prior to the default. It is undisputed that Mr. Adams never listed himself as Mr. Carmouche's attorney of record, and he never formally informed plaintiffs counsel or the Clerk of this Court that he represented Mr. Carmouche. And, it is undisputed that no extension of time was ever given to Mr. Carmouche by plaintiffs or this Court and that no extension was even requested by Mr. Carmouche or by any attorney acting on Mr. Carmouche's behalf.

It is also undisputed that undersigned counsel asked Mr. Adams if he represented Douglas Scott Carmouche, and if Mr. Carmouche would waive formal service as set forth in the FRCP. It is also undisputed that Mr. Adams refused to accept or waive service on behalf of Mr. Carmouche and that he made undersigned counsel go through great pains to finally catch Mr. Carmouche whilst trying to leave his home one morning because nobody ever answered his door.

It is also undisputed that Mr. Carmouche—a newly admitted attorney to the Louisiana State Bar—either gave a bogus work address to the LSBA as his publicly-listed office address, or (at the very least) failed to update his address as required by LSBA rules and the rules of professionalism.

Lastly, it is undisputed that the default was not granted improperly by the Clerk through any error in the record, such as an overlooked answer or request for extension of time. It is further undisputed that Mr. Carmouche's time to answer had expired well over <u>two weeks</u> prior to the entry of default.

## B. Douglas Scott Carmouche "Played Games" and Dodged Service

Beginning on the very first day this lawsuit was filed, the plaintiffs have been attempting to serve Douglas Scott Carmouche. After several attempts, the Baton Rouge Sheriff's Office eventually gave up on serving him with the original state court petition and the supplemental state court petition. Several attempts were made on serving Mr. Carmouche at the home address which he had listed on the documents submitted by him just a few weeks earlier to the Secretary of State when he formed MRS, but nobody ever answered his door.

During the course of the litigation, Mr. Carmouche was admitted to the Louisiana State Bar Association as an attorney. As a result, his permanent office address became public record. Undersigned counsel obtained the address given by Douglas Scott Carmouche to the LSBA as his permanent office address (his father's law office) and attempted to have him served there by a private process server. The process server was told that Douglas Scott Carmouche did not work there.[1] That same process server went to Mr. Carmouche's home and attempted to serve him there several times, but was unable to do so because, although lights

---

[1] The Rules of the LSBA require each and every attorney to keep a current publicly-listed office address on file with the LSBA, so that service of pleadings may be made upon them there. Mr. Carmouche, having been just admitted, listed his father's office address. However, when confronted with a process server, everyone in that office denied that Scott worked there. That was confirmed by George Carmouche's counsel, who made it very clear that Scott did not work there at all. Someone is clearly lying about Scott's work address.

were on inside, nobody would answer the door. When that same process server came back later that same day, the trash had been taken out and interior lights were still on, but nobody answered the door still. This went on for many attempts and it was only by catching Mr. Carmouche in the act of leaving his home in the early morning that he was able to be served at all.

Mr. Adams freely admits that he refused to accept or waive service on behalf of Mr. Carmouche when asked to do so by the plaintiffs. However, it is simply untrue that Mr. Adams stated that he represented Mr. Carmouche. In fact, Mr. Adams made it perfectly clear in very specific terms that he was not representing Mr. Carmouche and that he therefore had no authority whatsoever to waive or accept service on his behalf. Undersigned counsel's recollection is that Mr. Adams said something to the effect of, "If Scott asks me to represent him, I will. As of now, I represent only MRS and Mr. Mayer."

That is also supported by the record herein. When undersigned called the clerk's office, he was informed that Mr. Adams was listed as attorney of record for MRS, for whom he had filed a previous motion to dismiss, and for Mr. Mayer, for whom he had filed no pleadings. It is interesting that Mr. Adams went out of his way to list himself as Mr. Mayer's attorney of record even though he had filed no pleadings on Mr. Mayer's behalf, yet he specifically declined to come on record for Mr. Carmouche.

5

Mr. Adams gave no assistance whatsoever to undersigned counsel when they expended countless hours and over $200.00 in service fees trying to serve the ever-illusive Douglas Scott Carmouche. Mr. Carmouche himself apparently thinks so little of the rules of the Bar to which he has just been admitted that he has no compunction about listing false work addresses and apparently dodging service. These are not acts in which an attorney should be allowed to participate, much less orchestrate.

### C. There Never Was Any Formal Or Informal Extension Of Time Granted To Any Defendant. Nevertheless, The Plaintiffs Did Not (And Would Not) Default Any Defendant Who Had Played Fair And/Or Was Represented By Counsel Of Record, Unlike Douglas Scott Carmouche

Mr. Adams admits in his memo that he never asked the plaintiffs or the Court for any formal or informal extension of time. However, he avers in his memo that he was operating on an "informal extension of time". That statement is simply not true and Mr. Adams has presented no letter, email, note, or anything to support that contention. The plaintiffs never granted any party an extension of time and Mr. Adams never asked for one—formal or informal. Nevertheless, had any defendant requested one, it would have been granted. Moreover, even though answers were well beyond due from all the defendants at the time of the default, before defaulting anyone, the plaintiffs checked with the Clerk of Court to

6

ascertain if any other counsel of record had been added. No counsel of record had been listed at all for Douglas Scott Carmouche or James Huey.

Upon filing the default, one of plaintiffs' counsel learned that an attorney representing James Huey had called his office prior to entry of default. Without objection, that default was withdrawn, even though it was a valid default.

To be succinct, it is clear from the record that Douglas Scott Carmouche and his attorney played games with the legal system and now they have been burned. The plaintiffs are not inclined to help them now, just as Mr. Carmouche and Mr. Adams were not inclined to help the plaintiffs all those months the plaintiffs spent time, effort, and money to have Carmouche finally served.

### III.
### ARGUMENT AND LAW

On April 26, 2006, a request in proper form for clerk's entry of default against Douglas Scott Carmouche was made pursuant to Fed. R. Civ. Proc. Rule 55(a), which states that "the clerk **shall** enter the party's default."

First and foremost, it must be stated that it is undisputed that the default was proper under FRCP Rule 55(a). It is not for the plaintiffs to show that the Court should not set it aside. Rather, it is for Mr. Carmouche to show good cause for granting him relief from the valid entry of default. FRCP Rule 55. He has simply not carried his burden.

In his motion, Mr. Carmouche sets forth no meritorious defense whatsoever. Furthermore, he has not shown that the plaintiffs would not be prejudiced by setting aside the default and he has shown no good cause at all for setting aside the default. *CJC Holdings, Inc v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (stating the rule and examining the factors. Service made on 6/26/90. Default entered on 8/1/90. Affirming refusal to set aside default); *Federal Savings and Loan Insurance Corporation v. Kroenke*, 958 F.2d 1067, 1069-71 (5th Cir. 1988) (analysis of factors); *Richardson v. Salvation Army*, 1998 U.S. Dist. LEXIS 101 (N.D. Tex. 1998) (review of factors and finding that default would not be set aside); *The Hertz Corporation v. Caulfield*, 1992 U.S. Dist. LEXIS 2967 (E.D. La. 1992) (gross negligence, ignorance of the rules, or ignorance of the law are not grounds for relief from the default).

Most importantly, opposing counsel has failed to explain or even address Mr. Carmouche's willful failure to act, which in-and-of-itself warrants the denial of his motion. *In the Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992) (failure to act was willful. The defendant, as here, chose to "play games" with the court.); See also *The African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201 (11th Cir. 1999) (failure to give a satisfactory reason for failure to file an answer); *Ramjohn v. Otis Elevator Company*, 1999 U.S. Dist. LEXIS 6636, *5

(S.D. N.Y. 1999) ("excuses for default defy credulity."); *In re: Schantz*, 221 B.R. 653 (N.D. N.Y. 1998) (willfulness).

### A. Mr. Carmouche Has Set Forth No Meritorious Defense

A party in default is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default. *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir.1976); *Wright & Miller*, Sec. 2697 (Supp.1986). To permit reopening of a case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system. *Hawaii Carpenters' Trust Funds v. Stone*, C.A.9 (Hawaii) 1986, 794 F.2d 508.

Nowhere in his motion or memo does opposing counsel set forth any defense whatsoever, and his motion fails on those grounds alone.

### B. Douglas Scott Carmouche—An Attorney—"Played Games" With The Legal System And Willfully Failed To Act When Served. That Willful Failure To Act **Alone** Warrants The Denial Of His Motion

It is clear from the record that Douglas Scott Carmouche played games with the legal system. He listed bogus addresses with the LSBA and the Louisiana Secretary of State; he refused to answer his door at his home when the sheriff and the process servers came; and he refused to accept or waive service, as provided in the FRCP. In short, he made the plaintiffs jump through hoops to serve him. Once served, he simply ignored his duty to respond. No appearance (formal or informal) was made by him or by anyone on his behalf and no extension of time (formal or

9

informal) was requested or granted. He willfully failed to respond until after he was duly and properly defaulted. Now he asks for quarter when none was ever given by him. Now he seeks pity from the same legal system for which he has thus far shown contempt. He has shown no good cause for this Court to overturn the valid default.

The Court in *Dierschke, supra,* was presented with a similar situation to this one, where a defendant "played games" with the legal system and similarly got burned. In that case the Fifth Circuit held, "Assuming no prejudice to the plaintiffs and that [the defaulted defendant] had meritorious defenses does not automatically overcome the willful failure to answer. ***Willful failure alone may constitute sufficient cause*** for the court to deny this motion. Although [the defaulted defendant's] counsel acted promptly after being notified of the hearing on attorney's fees, considering his client's conduct, the court's refusal to set aside the default was not an abuse of discretion." 975 F.2d 181, 184-85 (emphasis and bracketed text added).

## CONCLUSION

Once a default has been entered, it may not be set aside except for good cause within the meaning of Rule 60(b). Mr. Carmouche has shown no good cause and the motion should not be granted because Mr. Carmouche's failure to answer

10

was willful, there is no meritorious defense, and plaintiffs have been prejudiced in their preparation.

The motion to set aside the valid default should be DENIED.

**RESPECTFULLY SUBMITTED BY:**

**ADAM S. LAMBERT (#25134)**
517 Huntlee Drive
New Orleans, LA 70131-5221
Tel.: (504) 433-0289
Fax: (504) 433-0840
Email: LSULawyer@aol.com
Co-Counsel for the plaintiff

**AND**

**KOERNER LAW FIRM**
BY: Louis R. Koerner, Jr.
Louisiana Bar 7817
400 Lafayette Street
P.O. Box 4297
Houma, Louisiana 70361
Telephone: 985-580-0350
Telecopier: 985-580-0980
Cellular: 985-232-7547
New Orleans: 504-581-9569
Lafayette: 337-289-9225
e-mail: koerner@koerner-law.com
URL: http:/www.koerner-law.com
Co-Counsel for the plaintiff

**AND**

11

**ANDRE' P. GUICHARD # 6423**
2071 West Bend Parkway, Unit # 284
New Orleans, LA 70114
Telephone: (504) 366-6180

## CERTIFICATE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel, by FAX, by EMAIL, or by hand or by placing copy of same First Class mail, and properly addressed, on May 15, 2006.

*Adam S. Lambert*