UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES KELLY LAMBERT, ET AL.                    CIVIL ACTION

VERSUS
                                               NO: 05-5931

BOARD OF COMMISSIONERS OF THE
ORLEANS LEVEE DISTRICT, ET
AL.                                            SECTION: R

## ORDER AND REASONS

Before the Court is defendant Douglas Scott Carmouche's motion to set aside the default entered against him in this action on April 26, 2006. Plaintiffs oppose the motion. For the following reasons, the Court GRANTS Carmouche's motion.

I.    BACKGROUND

Plaintiffs James Kelly Lambert, Donald Scott and Robin Lovelock brought this case as a purported class action on behalf of similarly-situated persons who own vessels located in two Orleans Parish marinas operated by the Board of Commissioners for the Orleans Levee District. Plaintiffs named as defendants the Levee District; James P. Huey, the former President of the Levee District; George L. Carmouche, a former attorney for the Levee

District; Douglas Scott Carmouche; Michael George Mayer; Marine
Recovery and Salvage, LLC; Resolve Marine Group; and St. Tammany
Pearl River Salvage.  Plaintiffs allege generally that, after
Hurricane Katrina, the defendants entered into an agreement
whereby the Levee District imposed unnecessarily strict
requirements on the putative class members' ability to access
their vessels in order to salvage them.  The purpose of this
alleged agreement was to force vessel owners to pay exorbitant
prices to certain of the defendants in order to have their
vessels salvaged.  Plaintiffs assert a number of state and
federal claims against the defendants.  Plaintiffs also sought a
preliminary injunction against certain of the defendants.  The
Court denied plaintiffs' request for injunctive relief by order
dated March 22, 2006.  The Court also denied several defendants'
motions to dismiss certain of plaintiffs' claims by order dated
April 4, 2006.

   Plaintiffs allege that defendants Douglas Carmouche and
Mayer are the principals of defendant Marine Recovery and
Salvage, an entity that was allegedly established shortly after
Hurricane Katrina.  Marine Recovery and Salvage was allegedly
given exclusive access to oversee salvage operations in the two
Levee District marinas as part of defendants' overall plan to
enrich themselves by charging vessel owners exorbitant prices to

salvage their vessels.

Although Mayer and Marine Recovery and Salvage were served with the complaint on February 2, 2006, Carmouche was not served until March 20, 2006. The return of service was filed in the record on April 5, 2006. Carmouche failed to answer the complaint in a timely manner, and on April 24, 2006, plaintiffs sought entry of a default against him. The default was entered on April 26, 2006. On April 28, 2006, Carmouche's attorney, who also represents Mayer and Marine Recovery and Salvage in this action, moved to set aside the default and filed an answer to the complaint on behalf of Carmouche, Mayer and Marine Recovery and Salvage.

Carmouche's counsel asserts that the default should be set aside because plaintiffs were aware that he would represent Carmouche once Carmouche was served, and counsel was under the impression that the parties were operating under an informal extension of the time to file responsive pleadings. Carmouche's counsel notes that a number of other defendants had not filed responsive pleadings as of the date the default was entered, but that plaintiffs did not seek defaults against those defendants. Carmouche also argues that the default was not willful, that plaintiffs would not be prejudiced if the default were set aside, and that failure to set aside the default would deprive him of

3

potentially meritorious defenses.

Plaintiffs argue that the default was properly entered against Carmouche and should not be set aside because Carmouche previously attempted to evade service.  Plaintiffs also dispute Carmouche's assertions (i) that plaintiffs knew that Carmouche would be represented by counsel once he was properly served; and (ii) that the parties had agreed to any informal extension of the deadlines for filing responsive pleadings.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown."  Fed. R. Civ. P. 55(c).  Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992).  To determine whether good cause has been shown, a district court should consider (i) whether the default was willful; (ii) whether setting aside the default would prejudice the adversary; and (iii) whether the defaulting party has presented a meritorious defense to the claims against it.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke*, 975 F.2d at 183.  These

4

factors are, however, nonexclusive, and a court may also consider additional factors, such as whether the public interest is implicated by the default, whether there was a significant financial loss to the defendant, and whether the defendant moved expeditiously to cure the default. *Dierschke*, 975 F.2d at 184. All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored.  *See Lacy*, 227 F.3d at 292 ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits.  Strict enforcement of defaults has no place in the Federal Rules . . . .").

Having considered the parties' respective arguments, the Court will grant Carmouche's motion to set aside the default. First, the Court finds that Carmouche's default was not willful. Although the Court is sympathetic to plaintiffs' claims that

5

Carmouche was less than cooperative with regard to accepting service in this action, on the record before it, the Court cannot conclude that Carmouche acted in bad faith or intentionally dodged service of process.  In addition, although litigants before this Court should not rely on informal extensions of pleading deadlines, which are without legal effect before the Court and can lead to disagreements and unnecessary motion practice, the Court credits Carmouche's counsel's assertion that he believed that the parties had agreed to an informal extension of the time to answer the complaint.[1] Accordingly, the Court finds that Carmouche's failure to answer the complaint was not willful.

Several other considerations weigh strongly in favor of setting aside the default.  First, this litigation is in its early stages, and plaintiffs will not suffer prejudice if the default is set aside.  Second, the defendants vigorously dispute both the factual and legal predicates of plaintiffs' claims, and the defendants, including Carmouche, have asserted a number of potentially meritorious defenses to those claims.  Third,

---

[1]The Court also notes that, although it finds credible Carmouche's counsel's assertion that he informed plaintiffs that he would represent Carmouche once Carmouche was served, counsel would be well-advised to ensure that he promptly enrolls as counsel of record for any party that he seeks to represent before this Court.

6

Carmouche acted expeditiously to cure his default.  On April 28, 2006, just two days after the default was entered, Carmouche answered the complaint and moved to set aside the default. Accordingly, the Court finds that Carmouche has shown good cause for lifting the default against him, and the Court will grant his motion to set aside the default.


**III. CONCLUSION**

For the reasons stated above, the Court GRANTS Douglas Carmouche's motion to set aside the default entered against him on April 26, 2006.


New Orleans, Louisiana, this __7th__ day of June, 2006.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7